FILED

Nov 13  3 52 PM '03

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ENRICO DiPASQUALE d/b/a )<br>WESTPORT CHEMICAL COMPANY )<br>  )<br>                    Plaintiff )<br>V.                     )<br>                       )   CIVIL ACTION NO.3:03CV0013<br>(PCD)                  )<br>GEORGIA GULF CORPORATION )<br>                       )<br>                    Defendant )   November 12, 2003 | |

### DEFENDANT'S REQUESTS TO CHARGE

1. <u>Corporation as a Party</u>:

You have heard that plaintiff in this lawsuit is a person and the defendant, Georgia Gulf Corporation is a corporation. A corporation is an entity created by the law. All parties are equal before the law.

The mere fact that one of the parties is a natural person and one is a creation of the law should not play any part in your deliberations. Rather, you must assess the claims and defense of all parties without regard to their status and treat all parties in an equal and unbiased fashion

2. <u>Elements of an Express Contract</u>:

The plaintiff claims that he/she/it entered into a contract with the defendant. A contract is an agreement enforceable at law. Contracts may be express or implied. If the agreement is shown by the direct words of the parties, spoken or written, the contract is an express one.

1

### AUTHORITY

*Boland v. Catalano*, 202 Conn. 333, 338-39 (1987); *Skelly v. Bristol Savings Bank*, 63 Conn. 83, 87 (1893); *Atlas v. Miller*, 20 Conn. App. 680, 683 (1990); *Hale v. Benvenuti, Inc.*, 38 Conn. Sup. 634, 638-39 (1983); 1 Restatement (Second), Contracts §§ 1,4.

3.   Interpret Contract as a Whole

When determining the intent of the parties, you should consider all relevant provisions of the contract. Assume that all language of the contract is necessary, unless this would be unfair or unreasonable.

### AUTHORITY

*White v. Kampner*, 229 Conn. 465, 473 (1994); *Barnard v. Barnard*, 214 Conn. 99, 109 (1990); *Lar-Rob Bus Corp. v. Fairfield*, 170 Conn. 397, 407 (1976).

4.   Necessity for Definite Terms:

To be enforceable, an agreement must be definite and certain as to its essential terms and requirements.

### AUTHORITY

*Presidential Capital Corp. v. Reale*, 231 Conn. 500, 506-07 (1994); *Dunham v. Dunham*, 204 Conn. 303, 313 (1987); 1 A. Corbin, Contracts (Rev. Ed. 1996) § 4.1, p. 525.

5.   Implied Covenant of Good Faith and Fair Dealing

Every contract contains an implied covenant of good faith and fair dealing requiring that neither party do anything that will injure the right of the

2

other party to receive benefits of the contract. The concept is essentially a rule of construction designed to fulfill the reasonable expectations of the contracting parties as they presumably intended. It is not a separate contractual claim and the covenant cannot be applied to achieve a result contrary to the clearly expressed terms of the contract between the parties.

Here, the defendant had an obligation to exercise good faith when enforcing the following contract term:

> 11. Seller may recover for each shipment hereunder as a separate transaction, without reference to any other shipment. Should Buyer be in default with respect to any of the terms or conditions under this or any other contract with Seller, Seller may at its option and without prejudice to any other legal or equitable remedy, either terminate this contract or suspend any further deliveries hereunder until correction of the default.

You must decide whether the defendant fulfilled that obligation to exercise good faith.

Good faith performance or enforcement of a contract emphasizes faithfulness to an agreed common purpose and consistency with the justified expectations of the other party. Good faith and fair dealing mean an attitude or state of mind denoting honesty of purpose and freedom from intention to defraud. It means being faithful to one's duty and obligation under the contract.

Good faith is defined as the opposite of bad faith. If the defendant] engaged in bad faith you must find that it did not fulfill the covenant. Bad faith generally implies a design to mislead or to deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation not prompted by an honest mistake as to one's rights or duties. Bad faith is not simply bad judgment or negligence, but rather it implies the conscious doing of a wrong because of dishonest purpose. Bad faith contemplates a state of mind affirmatively operating with furtive design or ill will.

AUTHORITY

*Habetz v. Condon*, 224 Conn. 231, 238 (1992); *Eis v. Meyer*, 213 Conn. 29,, 36 (1989); *Warner v. Konover*, 210 Conn. 150, 154 (1989); *Buckman v. People Express, Inc.*, 205 Conn. 166, 171-72 (1987) (specifically holding that the trial court's instruction was not in error); *Foley v. Huntington Co.*, 42 Conn. App. 712, 727 n.6 (1996) (quoting instruction on the implied covenant of good faith and fair dealing); *Feinberg v. Berglewicz*, 32 Conn. App. 857, 861 (1993); Conn. Gen. Stat. §§ 42a-1-203 (obligation of good faith), 42a- 2-103(1)(b) (definition of good faith).

6.  Introduction to Damages

If you find that the defendant is liable to the plaintiff on the matters alleged in his complaint, then you must determine the amount of money to award to the plaintiff as contract damages. The following instructions tell you how to do that.

If you find that the defendant is not liable for any of the matters alleged in his complaint, then you do not need to consider the subject of damages. The fact that I am telling you about the law of contract damages does not mean that I believe that you will, or should, find against the defendant for the plaintiff.

7.  Plaintiff's Burden of Proof as to Amounts:

The plaintiff must prove by a preponderance of the evidence the amount of any damages to be awarded. The evidence must give you a sufficient basis to estimate the amount of damages to a reasonable certainty. Although damages may be based on reasonable and probable estimates, you may not award damages on the basis of guess, speculation or conjecture.

AUTHORITY

*Beverly Hills Concepts, Inc. v. Schatz & Schatz, Ribicoff & Kotkin*, 247 Conn. 48, 69 (1998); *West Haven Sound Development Corp. v. West Haven*, 207 Conn. 308, 317 (1988); *Bronson & Townsend Co. v. Battistoni*, 167 Conn. 321, 326-27 (1974); *Bertozzi v. McCarthy*, 164 Conn. 463, 468 (1973).

4

8.   Lost Profits:

Any damages you award on the second count of the plaintiff's complaint may include the plaintiff's lost profits. The plaintiff must prove that it is reasonably certain that the plaintiff would have earned those profits but for the defendant's breach. The plaintiff cannot recover for the mere possibility of making a profit. In addition, the evidence must afford you a sufficient basis for estimating the amount of lost profits with reasonable certainty.

AUTHORITY

*Beverly Hills Concepts, Inc. v. Schatz & Schatz, Ribicoff & Kotkin*, 247 Conn. 48, 68-78 (1998); *Robert S. Weiss & Associates, Inc. v. Wiederlight*, 208 Conn. 525, 541-43 (1988); *Stern & Co. v. International Harvester Co.*, 148 Conn. 527, 533-34 (1961); *Steeltech Building Products, Inc. v. Edward Sutt Associates, Inc.*, 18 Conn. App. 469, 472 (1989).

9.   The Counterclaim:

The defendant has asserted a Counterclaim against the plaintiff in this action. Georgia Gulf must, in order to cover the amount claimed to be due it, prove by a fair preponderance of the evidence that at the plaintiff's request it shipped the product listed in the invoices to the defendant, that he received it but failed to pay for the product which he received in accordance with the terms of the invoice.

10.   Course of Dealing:

The plaintiff claims the that strict terms of the contract between the parties was modified by a "course of dealing" of the parties which allowed him to pay for the product he received from Georgia Gulf according to a different method of payment than that specified in the contract.

5

You are instructed that in order to have a modification of the written contract terms both sides must have intended to and voluntarily agreed to modify the terms of the written agreement.

Mere acceptance of the late payments does not amount to a modification of the written contract terms if Georgia Gulf did not intend such a modification to take place and supercede the terms of the contract.

The burden is on the plaintiff to prove by a preponderance of the evidence that both parties intended that the terms of the contract be modified by the subsequent course of dealing of the parties.

11. <u>CUTPA</u>

The plaintiff claims that Georgia Gulf committed a violation of the Connecticut Unfair Trade Practices Act (CUTPA) because it refused to sell him any more liquid caustic soda and cancelled its contract with him. Georgia Gulf claims it only took appropriate action against the plaintiff when he didn't pay his bill for shipments of caustic soda made to him during the months of February and March, 2001.

In determining whether a practice violates CUTPA we have adopted what is called the "cigarette rule" by the Federal Trade Commission for determining when a practice is unfair. In order to prevail on his claim the plaintiff must prove by a preponderance of the evidence that (1) the practice engaged in by Georgia Gulf, without necessity having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise; in other words, it is within the penumbra of some common law, statutory, or other established concept of fairness; (2) that it is immoral, unethical, oppressive, or unscrupulous; (3) that it causes substantial injury to consumers, competitors or other business persons.

All three criteria do not need to be satisfied to support a finding of fairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three.

Unless the plaintiff has proven by a preponderance of the evidence that the defendant engaged in a practice which, with regard to the plaintiff, was

"unfair" according to the foregoing standard, you must find for the defendant on plaintiff's third count of the complaint.

### AUTHORITY

*Willow Springs Condominium Assn. v. Seventh BRT Development Corp.* 245 Conn. 1, 43 (1998)

12. <u>Action Barred by Contract Provision</u>

The parties to this action had entered into a contract dated December 30, 1991. A provision of that contract requires that: "No action arising out of this contract shall be commenced later than one year after the cause of action has accrued".

Now this action was commenced on January 2, 2003. If you find that the cause of action, that is, the facts and circumstances which the plaintiff claims caused him to bring this action against the defendant, occurred more than one year before this action was commenced on January 2, 2003, then you must enter a verdict for the defendant on all counts of the plaintiff's complaint.

### AUTHORITY

*Chichester v. New Hampshire F. Ins. Co.*, 74 Conn. 510, 514 (1902); Hartford *Federal Sav. & Loan Assoc. v. Aetna Casualty & Surety Co.*, 25 Conn. Supp 418, 432 (1964); *Humphrey-Cornell Co. v. Hines*, 97 Conn. 21, 30 (1921); *Sacks Realty Co. v. Newark Ins. Co.*, 34 Conn Supp 564, 565 (1976)

THE DEFENDANT

By_____
Benson A. Snaider
Benson A. Snaider, P.C.
Its Attorney
55 Church Street, Suite 403
New Haven, CT 06510
Federal Bar#: ct 07359

## CERTIFICATE OF SERVICE

I certify that on November 12, 2003 a copy of the foregoing was served upon the plaintiff by mailing a copy to its attorney of record by first class mail, postage prepaid, at the following address:

William McMorris, Esq.
Slutsky, McMorris & Meehan, LLP
396 Danbury Road, Second Floor
Wilton, CT 06897

_____
Benson A. Snaider