FILED
DEC 3  2 45 PM '03
U.S. DISTRICT COURT
                        BRIDGEPORT, CONN.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ENRICO DiPASQUALE d/b/a )
WESTPORT CHEMICAL COMPANY )
                                    )
                    Plaintiff )
V.                                  )
                                    ) CIVIL ACTION NO.3:03CV0013 (PCD)
GEORGIA GULF CORPORATION )
                                    )
                    Defendant ) October 29, 2003

## DEFENDANT'S COMPLIANCE WITH TRIAL PREPARATION ORDER

**SECTION A**

1. Claims of fact proposed for stipulation as undisputed.

   a) The plaintiff is a resident of the State of Connecticut doing business in his individual capacity under the assumed name "Westport Chemical Corporation".

1

b) On or about December 30, 1991, the plaintiff entered into a contract with the defendant for the sale by the defendant and purchase by the plaintiff of Liquid Caustic Soda, 50% solution (diaphragm grade), 76% $Na_2O$ basis per the attached Product Information Bulletin.

c) The contract provides, under paragraph 11. Limitations of Liability: Remedies:
"No action of Buyer arising out of this contract shall be commenced later than one year after the cause of action has accrued."

d) The cause of action as alleged in the complaint accrued on or about June 15, 2001 when the defendant terminated plaintiff's rights under the contract.

 e) This action was not commenced until December 31, 2002.

 f) During the period February 9, 2001 through March 15, 2001, the plaintiff ordered caustic soda from the defendant in accordance with the terms of the contract.

 g) The plaintiff's orders were reflected in invoices numbered 4950651; 49506601; 49506701; 49506801; and 49506901.

 h) The defendant shipped all of the caustic soda specified in the above invoices to the plaintiff.

i   The plaintiff received all of the caustic soda shipped by the defendant and took possession thereof.

j)   The total due from the plaintiff on the aforesaid invoices is $20,394.77.

k)   The plaintiff has not paid the defendant for any portion of the $20,394.77 due it as a result of the sale to him of caustic soda.

l)   The defendant demanded payment of the amount due from the defendant.

4

    m) The defendant warned the plaintiff that if he did not pay, Georgia gulf would exercise its right to terminate the contract with the plaintiff and would refuse to sell plaintiff any more caustic soda.

    n) The plaintiff has refused to make payment for his order.

<u>2. Proposed findings of fact, with a specification of each witness, document, pleading, and/or tangible physical evidence on which such finding could be premised. Such proposed findings, with the claim of fact (1 above), shall constitute the proof on which the claims of relief are premised.</u>

    a) The plaintiff is a resident of Connecticut.
       Proof: Admitted-complaint

 b) The plaintiff does business individually under the name Westport Chemical Corporation.
   Proof: Admitted-complaint

 c) The plaintiff and defendant entered into a contract dated December 30, 1991 for defendant's sale to plaintiff of caustic soda.
   Proof: Contract dated December 30, 1991

 d) During the period February 9, 2001 through March 15, 2001, the defendant ordered caustic soda at a cost of $20,394.77.
   Proof: Invoices numbered 4950651; 49506601; 49506701; 49506801; and 49506901.

 e) The defendant shipped caustic soda to the plaintiff pursuant to his orders.
   Proof: Invoices numbered 4950651; 49506601; 49506701; 49506801; and 49506901.

 f) The plaintiff has not paid for the caustic soda shipments that he ordered and received between February 9, 2001 and March 15, 2001.
  Proof: Testimony of Bruce A. Smith, Account Manager, Georgia Gulf Corporation; Testimony of Jerry Bradford, Credit Manager, Georgia Gulf Corporation; Testimony of Cal Barwis, former Sales Manager, Commodities Chemical Group, Georgia Gulf Corporation, Atlanta.

 g) The plaintiff owes Georgia Gulf Corporation $20,394.77 for shipments of caustic soda ordered by him and shipped to him.
  Proof: Testimony of Bruce A. Smith, Account Manager, Georgia Gulf Corporation; Testimony of Jerry Bradford, Credit Manager, Georgia Gulf Corporation; Testimony of Cal Barwis, former Sales Manager, Commodities Chemical Group, Georgia Gulf Corporation, Atlanta.

 h) By letter dated June 20, 2001, the defendant notified the plaintiff that it would reinstate the plaintiff for the remainder of the year 2001; that the agreement will end on December 31, 2001; that purchases would be limited to the balance remaining on the agreement for approximately 175 tons; future purchases must be paid within 30 days; all of which are contingent upon payment of the current past due balance of $20,394.77.
  Proof: Letter of June 20, 2001; Testimony of Bruce A. Smith, Account Manager, Georgia Gulf Corporation; Testimony of Cal Barwis, former Sales Manager, Commodities Chemical Group, Georgia Gulf Corporation, Atlanta.

i) By letter of July 3, 2001, the defendant notified the plaintiff that the past due balance must be paid prior to any reinstatement.

Proof: Letter of July 3, 2001; Testimony of Bruce A. Smith, Account Manager, Georgia Gulf Corporation; Testimony of Cal Barwis, former Sales Manager, Commodities Chemical Group, Georgia Gulf Corporation, Atlanta.

j) The contract between the parties provides that no action of Buyer arising out of the contract shall be commenced later than one year after the cause of action has accrued.

Proof: Contract dated December 30, 1991, paragraph 11.

k) The cause of action alleged in the complaint accrued on or about June 15, 2001.

Proof: Plaintiff's letter of June 15, 2001 to Edward A. Schmitt, President and Chief Executive Officer, Georgia Gulf Corporation.

    1) This action arose out of the contract and was commenced on December 31, 2002, more than one year after the cause of action accrued.
        Proof: Complaint, Civil Cover Sheet.

<u>3. Claims of law, with the authority on which each claim is premised and organized as they relate to each theory on which relief is sought.</u>

    a) The plaintiff's claims as alleged in the complaint are barred by the terms of the contract.

    b) Judgment in the amount of $20,394.77 should enter for the defendant on the counterclaim pursuant to the terms of the contract dated December 30, 1991 and on the invoices.

    c) Judgment in the amount of $20,394.77 should enter for the defendant on the counterclaim for goods had and received.

      d) Interest on the counterclaim judgment at the rate of ten percent per year in accordance with C.G.S. §37-3a.

<u>4. A list of proposed exhibits (plaintiff's numbered – defendant's lettered), including deposition transcripts, with a listing of those pages of each transcript to be offered and on which the proposed findings of fact, if any, are premised.</u>

    A. Contract dated December 30, 1991.

    B. Invoices numbered:
        1) 4950651
        2) 49506601
        3) 49506701
        4) 49506801
        5) 49506901

C. Letter of June 15, 2001, Enrico DiPasquale to Edward A. Schmitt.

D. Letter of June 20, 2001, Bruce A. Smith to Enrico DiPasquale.

E. Letter of June 29, 2001, Enrico DiPasquale to Bruce A. Smith.

F. Letter of July 3, 2001, Bruce A. Smith to Enrico DiPasquale.

G. Plaintiff's Objections and Responses to Defendant's Request for Admissions dated October 13, 2003.

<u>5. A list of all witnesses expected to be called, with a brief summary of the testimony of each. As to each expert witness: a statement of the area of expertise, attaching a curriculum vitae, if available; and the opinion to be expressed with a brief summary of the basis for the opinion.</u>

Bruce A. Smith, Account Manager, Georgia Gulf, will testify to accounts due from plaintiff, correspondence, telephone communications, billing procedures of Georgia Gulf, reason for termination of contract with plaintiff.

Jerry Bradford, Credit Manager, Georgia Gulf, will testify to accounts due, billing procedures of Georgia Gulf, billing history of plaintiff, reasons for termination, any conversations with plaintiff.

Cal Barwis, former Sales Manager, Commodities Chemical Group, Georgia Gulf Corporation, will testify as to company policy regarding delinquent accounts, the history of the plaintiff's account and the reason for termination of plaintiff's contract rights.

<u>6. A description of each item of proposed evidence, whether testimonial or exhibit form, reciting evidence likely to be disputed or to require a ruling by the court, setting forth the basis and authority on which admissibility is premised.</u>

    All items listed above in Section 4 as physical evidence are self-explanatory, relevant and not likely to be disputed.

THE DEFENDANT

BY: _____
BENSON A. SNAIDER
BENSON A. SNAIDER, P.C.
Its Attorney
55 Church Street, Suite 403
New Haven, CT 06510
203-777-6426
Federal Bar#: ct 07359

<u>CERTIFICATE OF SERVICE</u>

    This is to certify that on October 29, 2003 a copy of the foregoing was served upon the plaintiff by mailing a copy to its attorney of record by first class mail, postage prepaid, at the following address:

William McMorris, Esq.
Slutsky, McMorris & Meehan, LLP
396 Danbury Road, Second Floor
Wilton, CT 06897

_____
BENSON A. SNAIDER

13