FILED

2003 DEC -8 P 4: 52

U.S. DISTRICT C...
NEW HAVEN, C...

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

ENRICO DiPASQUALE d/b/a )
WESTPORT CHEMICAL COMPANY, )
)
          Plaintiff, )
)
v. )   Civil Action No. 303CV0013 PCD
)
GEORGIA GULF CORPORATION, )
)
          Defendant. )   December 8, 2003

## PLAINTIFF'S REPLY TO DEFENDANT'S COUNTERCLAIM

Plaintiff, Enrico DiPasquale, d/b/a Westport Chemical Corporation (hereinafter referred to as "Plaintiff" or "Mr. DiPasquale") by and through his undersigned counsel, for his reply to the counterclaim filed by defendant Georgia Gulf Corporation (hereinafter referred to as "Defendant" or "Georgia Gulf"), alleges as follows:

First Claim

    1.    Denies the allegations set forth in paragraph 1.

    2.    Admits that Plaintiff has been a resident and citizen of the State of Connecticut and was doing business as Westport Chemical Company, a sole proprietorship with its principal place of business in Norwalk, Connecticut, and otherwise denies the allegations set forth in paragraph 2..

    3.    Plaintiff admits that he signed the sheet of paper attached as Exhibit "A" to the counterclaim. In further response to Paragraph 3, Plaintiff states that he had entered into an enforceable oral contract with Georgia Gulf several years before the execution of the document attached as Exhibit "A" (hereinafter, "the written document"), and the parties operated under that

oral contract for several years before the execution of the written document. Plaintiff denies that the execution of the written document changed the terms and conditions of the oral contract agreed upon between the parties. Mr. DiPasquale specifically denies that he agreed to all of the general terms stated in the written document. Except as specifically admitted herein, the remaining allegation contained in Paragraph 3 are denied.

4. Admits that from time to time during the period February 9, 2001 through March 15, 2001, Plaintiff ordered caustic soda from the Defendant, and otherwise denies the allegations set forth in paragraph 4.

5. Admits that said orders reflect the quantity, price and discount terms, and otherwise denies the allegations set forth in paragraph 5, and specifically denies that payment terms were "Net 30 Days".

6. Admits that Defendant shipped to Plaintiff the amount of caustic soda reflected in such invoices, and otherwise denies the allegations set forth in paragraph 6.

7. Admits that the caustic soda was delivered in accordance with the parties' agreements and course of dealing, and otherwise denies the allegations set forth in paragraph 7.

8. Denies the allegations set forth in paragraph 8.

9. Admits that Defendant has demanded payment for caustic soda ordered and shipped to Plaintiff, and denies that payment is due and owing to Defendant.

**Second Claim**

1. Admits that from time to time during the period February 9, 2001 through March 15, 2001, Plaintiff ordered caustic soda from the Defendant, and otherwise denies the allegations set forth in paragraph 1.

2. Admits that Plaintiff ordered and Defendant shipped caustic soda to Plaintiff, and denies that payment is due and owing to Defendant.

3. Admits that the total net invoiced price of the caustic soda shipped by Defendant is $20,394.77, and otherwise denies the allegations set forth in paragraph 3.

4. Denies the allegations set forth in paragraph 4.

## DEFENSES AND AFFIRMATIVE DEFENSES

### First Defense

The counterclaim fails to state a claim for which relief may be granted.

### Second Defense

Alternatively, the claims asserted by Defendant against Plaintiff have prescribed and/or are preempted.

### Third Defense

Defendant breached its obligations to Plaintiff to continue to supply Mr. DiPasquale with product pursuant to the parties' agreement and the course of dealing developed over the course of many years.

### Fourth Defense

Mr. DiPasquale is entitled to the right of setoff, in that any amounts which he owes Georgia Gulf for shipment of product pursuant to the parties' agreement should be set off against any amounts or damages Georgia Gulf owes Mr. DiPasquale for its breach of obligations under the parties' agreement.

3

**Fifth Defense**

Mr. DiPasquale pleads the affirmative defenses of error and mistake, which operate as vices of consent to the alleged written contract between Georgia Gulf and Mr. DiPasquale which was attached as Exhibit "A" to Georgia Gulf's counterclaim in that Mr. DiPasquale did not agree to all of the general terms stated in that alleged written contract.

**Sixth Defense**

If Georgia Gulf was damaged as alleged in its counterclaim, such damages were caused solely by the fault of Georgia Gulf, in that Georgia Gulf breached its obligations to Mr. DiPasquale.

**Seventh Defense**

Because Georgia Gulf failed to continue supplying Mr. DiPasquale with product, Georgia Gulf is barred by the operation of the doctrine of estoppel from claiming that Mr. DiPasquale is liable to Defendant.

**Eighth Defense**

Georgia Gulf's claims are barred by the doctrine of unclean hands.

**Ninth Defense**

By virtue of Georgia Gulf's failure to abide by the terms of the long-standing agreement and course of dealing between the parties, Georgia Gulf has waived any claims it may have to enforce the terms of such agreement.

**Tenth Defense**

Georgia Gulf's claims are barred by the doctrine of modification.

4

WHEREFORE, the plaintiff, Enrico DiPasquale d/b/a Westport Chemical Company, hereby prays as follows:

(a)   That the defendant take nothing by its counterclaim, and that judgment be entered in favor of the Plaintiff; and

(B)   For such other and further relief as the Court deems just and proper.

>
> PLAINTIFF,
> ENRICO DiPASQUALE d/b/a
> WESTPORT CHEMICAL COMPANY
>
> By: _____
> William A. Meehan, Esq. (Federal Bar No. CT 19300)
> SLUTSKY, McMORRIS & MEEHAN, LLP
> 396 Danbury Road, Second Floor
> Wilton, Connecticut 06897
> Tel.: (203) 762-9854
> Fax: (203) 762-9864

## CERTIFICATE OF SERVICE

I certify that on December 8, 2003, a copy of the foregoing was served upon defendant by delivering a copy to its attorney of record by hand delivery at the following address:

Benson A. Snaider, Esq.
Benson A. Snaider, P.C.
55 Church Street, Suite 403
New Haven, Connecticut 06510.

_____
William A. Meehan