FILED
DEC 9  3 19 PM '03
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ENRICO DiPASQUALE d/b/a<br>WESTPORT CHEMICAL COMPANY<br><br>    Plaintiff<br><br>V.<br><br>GEORGIA GULF CORPORATION<br><br>    Defendant | )<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO.303CV0013 PCD<br>)<br>)<br>) NOVEMBER 13, 2003 |

### MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

The defendant moves for summary judgment of the complaint and requests trial on its counterclaim.

The basis for the defendant's motion is that this suit is barred by the provision in the contract of the parties which requires that any action arising out of the contract be commenced within one year from the date that the cause of action accrues.

The plaintiff's cause of action is evidenced by his letters of June 15 and June 29, 2001 which are Exhibits B and C to the Affidavit of Shawna E. Avila.

This action was commenced on January 2, 2003, over the one year from the date the plaintiff's cause of action accrued. Summary Judgment is an extreme remedy and only appropriate where there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FedR.Civ.Pro. 56 ( c) ; Loudermill v. Dow Chemical Co., 863 F.2d 566, 571 (8th Cir. 1988). Here, to survive defendant's motion, plaintiff need only present evidence from which a jury might return a verdict in its favor. Anderson v. Liberty Lobby, 477 U.S. 242, 254-55, 106 S. Ct. 2505, 2513-14, 91 L.Ed 2d 202 (1986). "The evidence of the non-movant is to be drawn in his favor. Id. 477 U.S. at 255, 106 C. Ct at 2513.

Because this is a diversity case, the Court applies the choice of law rules for Connecticut. See Klaxon Co. v. Stentor Electric Mfg. 313 U.S 487, 61 C. Ct. 1020, 85 L. Ed 1477 (1941).

The Connecticut rule is that contractual limitations of action are binding upon the parties. See also 6 A.L.R. 3rd 1197 §§ 2 & 3, Where the accepted general rule is stated to be that contractual limitations are bending to bar suit as long as they are reasonable and the time to commence suit is ample.

Here the one year limitation period provided ample time to commence an action on plaintiff's claims.

CONCLUSION:

There is no genuine issue of law or fact with regard to plaintiff's complaint. Judgment should enter for the defendant.

THE DEFENDANT

By /s/ Benson A. Snaider
Benson A. Snaider, P.C.
Its Attorney
55 Church Street, Suite 403
New Haven, CT 06510
Federal Bar#: ct 07359

### CERTIFICATE OF SERVICE

I certify that on November 13, 2003 a copy of the foregoing was served upon the plaintiff by mailing a copy to its attorney of record by first class mail, postage prepaid, at the following address:

William McMorris, Esq.
Slutsky, McMorris & Meehan, LLP
396 Danbury Road, Second Floor
Wilton, CT 06897

/s/ Benson A. Snaider
Benson A. Snaider