IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FILED
2003 DEC -8 P 4: 52
U.S. DISTRICT COURT
NEW HAVEN, CONN.

| | | |
|---|---|---|
| ENRICO DiPASQUALE d/b/a WESTPORT CHEMICAL COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 303CV0013 PCD |
| GEORGIA GULF CORPORATION, | ) ) ) | |
| Defendant. | ) | December 5, 2003 |

## MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff, Enrico DiPasquale, d/b/a Westport Chemical Company, by and through his undersigned counsel, submits this memorandum in opposition to Defendant's Motion for Summary Judgment.

### PRELIMINARY STATEMENT

Defendant's Motion for Summary Judgment (the "Motion") should be denied on the grounds that the papers submitted by defendant are defective on their face. Defendant has failed to include in its moving papers a Local Rule 56(a)1 Statement as required by the local rules of this Court.

The Motion also should be denied on the grounds that genuine issues of material fact exist concerning the matters raised by the Motion. Such material facts are set forth in the accompanying Affidavit of Enrico DiPasquale in Opposition to Defendant's Motion for Summary Judgment (the "DiPasquale Affidavit"). Because genuine issues of material fact exist, plaintiff's Motion should be denied.

## STATEMENT OF THE CASE

The facts set forth in the accompanying DiPasquale Affidavit are incorporated herein by reference.

## ARGUMENT

I.  **Defendant's Motion Papers Are Facially Defective.**

The Motion should be denied on the grounds that the papers submitted by defendant are defective on their face. Defendant has failed to include in its moving papers a Local Rule 56(a)1 Statement as required by the local rules of this Court. See Local R. of Civ. Pro. 56(a). In view of defendant's failure to comply with the requirements of Rule 56(a) and the circumstances of this case: the jury already has been selected – indeed, it had been selected prior to the filing of the Motion – and trial is scheduled to begin Monday, December 15, 2003, the Motion should be denied.

II. **Genuine Issues of Material Fact Exist with Respect to the Subject Matter of This Action.**

The standard for granting a motion for summary judgment is well-established. To prevail on a motion for summary judgment, the moving party bears the burden of proving that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In ruling on a motion for summary judgment, the Court must resolve all ambiguities and draw all reasonable inferences in favor of the non-moving party. Anderson, 477 U.S. at 255. Defendant cannot satisfy its burden of proving that there is no genuine issue of material fact here.

2

      A.      The Parties' Relationship Was Governed
                 by the Course of Dealing Between Them.

The defendant's moving papers conveniently omit documentation and information relevant to the issues in this case. The defendant bases its Motion on the claim that plaintiff's cause of action accrued on June 15, 2001. In making its argument, defendant ignores correspondence from its employee, Bruce Smith, in response to the letters annexed to Shawna Avila's Affidavit in Support of Motion for Summary Judgment (the "Avila Affidavit"), in which Mr. Smith advised Mr. DiPasquale that defendant would resume supplying Mr. DiPasquale through the end of 2001 upon the satisfaction of certain conditions. (DiPasquale Aff. ¶ 9 and Exhibit B).

The conditions that defendant attempted to impose were at variance with the parties' oral agreements and course of dealing that modified the terms of the written agreement. (DiPasquale Aff. ¶ 10.) The correspondence between the parties concerning the actual payment arrangements that existed between the parties establish that such arrangements were contrary to the terms of the written agreement. DiPasquale Aff., ¶ 6 and Exhibit A. Moreover, defendant's failure to enforce any of the other restrictions set forth in the written agreement, including, but not limited to, those relating to annual quantity limitations and product allocation arrangements, demonstrate that the terms set forth in the written agreement were not being observed by either party. DiPasquale Aff., ¶¶ 3 and 5. The conduct of the parties for eight years following the execution of the written agreement provides ample evidence that the terms of the written agreement had been modified by the parties, and that it is the oral agreements and course of dealing between the parties that governed their relationship. See Union Trust Company v. Jackson, 42 Conn. App.

3

413, 679 A.2d 421 (Conn. App. Ct. 1996) ( summary judgment denied where there was a genuine issue of material fact concerning oral modification to a promissory note).

> B.  Plaintiff's Cause of Action Did Not Accrue on June 15, 2001.

The written agreement between the parties plainly states that its term ran "from January 1, 1992 to December 31, 1992, inclusive, and continuing from year to year thereafter, subject to termination by the Buyer or Seller at the end of any contract year upon at least (90) days prior written notice and in accordance with other terms and conditions specified herein." See Avila Aff., Exhibit A. There is no suggestion that defendant provided such written notice to plaintiff ninety days prior to the end of 2000. Indeed, following June 15, 2001, Defendant attempted to impose conditions at variance with the contractual modifications evidenced by the parties' course of dealing, while at the same time affirming that plaintiff was eligible to order products if he complied with the defendant's requirements. In addition, despite plaintiff's requests for pricing information necessary to secure business as a chemical products re-seller, defendant continued to fail to supply such information to plaintiff. Accordingly, defendant's actions in denying plaintiff access to its products throughout the balance of the year 2001 constitute an ongoing and continuous violation of plaintiff's rights.

In view of the foregoing, the Motion should be denied.

4

## CONCLUSION

For all of the foregoing reasons, and for the reasons set forth in the accompanying DiPasquale Affidavit, Defendant's Motion for Summary Judgment should be denied.

        Respectfully Submitted,

        PLAINTIFF,
        ENRICO DiPASQUALE d/b/a
        WESTPORT CHEMICAL COMPANY


        By: _____
            William A. Meehan, Esq. (Federal Bar No. CT 19300)
        SLUTSKY, McMORRIS & MEEHAN, LLP
        396 Danbury Road, Second Floor
        Wilton, Connecticut  06897
        Tel.:  (203) 762-9815
        Fax:  (203) 762-9864

## CERTIFICATE OF SERVICE

      I certify that copies of the foregoing was served upon defendant by delivering a copy to its attorney of record by facsimile on December 5, 2003, and by hand delivery on December 8, 2003, at the following address:

Benson A. Snaider, Esq.
Benson A. Snaider, P.C.
55 Church Street, Suite 403
New Haven, Connecticut 06510
Tel.: (203) 777-6426
Fax: (203) 782-0366

                                                                                              William A. Meehan