# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

Enrico DiPASQUALE,           :
    Plaintiff           :
               :           Case No: 3:03cv13 (PCD)
  vs.           :
               :
GEORGIA GULF CORP.,           :
    Defendant           :

## <u>RULING ON MOTION FOR SUMMARY JUDGMENT</u>

Defendant moves for summary judgment on the grounds that Plaintiff's claim is barred by the terms of the contract at issue which requires that "any action arising out of the contract be commenced within one year from the date that the cause of action accrues." Def. Mem. Supp. Summ. J. at 1. A party moving for summary judgment must establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Defendant fails to meet this burden.

It is axiomatic that in a diversity action, a federal court must apply the substantive law of the state in which the action was brought. <u>Erie R.R. v. Tompkins</u>, 304 U.S. 64, 78, 58 S. Ct. 817, 82 L. Ed. 1188 (1938). This also extends to the state's choice of law rules. <u>Klaxon Co. v. Stentor Electric Mfg. Co.</u>, 313 U.S. 487, 498, 61 S. Ct. 1020, 85 L. Ed. 1477 (1941). Defendant thus correctly points out that Connecticut's choice of law principles must be applied. Def. Mem. Supp. Summ. J. at 2.

Under Connecticut law if a contract has a choice of law provision, that provision will

generally be binding.  See Elgar v. Elgar, 238 Conn. 839, 850-51, 679 A.2d 937 (1996) (laying

out standard for giving effect to parties' choice of law provision).  In the absence of such a

provision, "Connecticut's choice of law approach for contracts is the "'most significant

relationship' test of the Restatement (Second)..." Reichhold Chems., Inc. v. Hartford Accident &

Indem. Co., 252 Conn. 774, 781, 750 A.2d 1051 (2000).  However, Defendant neither identifies

the relevant standards, nor specifies whether the contract contains a choice of law provision

enabling the Court to determine which choice of law rule is applicable.  Thus, Defendant's

assertion that the proper rule of law is the "Connecticut rule ... that contractual limitations of

action are binding upon the parties" is made without laying the proper foundation.

    Finally, Defendant fails to adequately prove that Connecticut courts would hold the

contractual provision as to the limitations period binding.  See Def. Mem. Supp. Summ. J. at 2,

citing 6 A.L.R. 3d 1197 §§ 2 & 3.  There is no indication in Defendant's brief that the A.L.R.,

Defendant's only cited authority, is recognized as binding authority under Connecticut law.

    As a result, Defendant's Motion [Doc. No. 24] plainly fails to meet the burden imposed

by Fed. R. Civ. P. 56(c) to demonstrate an entitlement to judgment as a matter of law and there is

no reason to reach Plaintiff's arguments concerning the existence of a dispute over material facts.

See Pl. Mem. Opp. Summ. J. at 2-4.  Summary judgment is **denied**.  Additionally, Defendant's

Motion for Leave to File Rule 56(a)(1) Statement [Doc. No. 27] is **denied** as moot.


    SO ORDERED.

                        Dated at New Haven, Connecticut, December ___, 2003.


                    _____
                                /S/
                        Peter C. Dorsey, U.S. District Judge
                        United States District Court

2